812 F.2d 1401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph Robert MONROE, I, Plaintiff-Appellant,
v.
North Carolina Department of Corrections; Officer Smith,
Defendants-Appellees.
 No. 86-7662.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1986.
Decided Feb. 12, 1987.
 
 Joseph Robert Monroe, I, appellant pro se.
 Joseph Leonard Safron, Special Deputy Attorney Genera, for the appellees.
 Before ERVIN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Joseph Monroe, a North Carolina inmate, appeals the district court's order adopting the recommendation of the magistrate and dismissing his claim brought pursuant to 42 U.S.C Sec. 1983 against the North Carolina Department of Corrections and Officer Smith, a corrections officer at the Troy Unit. Monroe alleges that his constitutional rights were violated when he was (i) prohibited from sending books home and (ii) not allowed to take a Bible into the visitor's center during a visit with his family.
 
 
 2
 Prison officials assert that Monroe was prevented from sending books home for only one week. They assert that this delay was necessary to determine whether the books were state property. The officials contend that prisoners may either be prohibited from taking items into the visiting area or required to submit those items for search, and that these procedures are necessary to minimize the flow of contraband. Officials assert that they were not attempting to interfere with Monroe's religious practices but merely attempting to pro vide an effective means of security for the prison The district court granted the defendants' motion for summary judgment and dismissed the case. We affirm.
 
 
 3
 In his complaint, Monroe asserts that his claim is focused on his inability to bring a Bible into the visit. He believes that this interfered with his ability to practice religion and thus violated his constitutional rights. It is a well established rule that prisoners have a First Amendment right to practice their religion. See Cruz v. Beto, 405 U.S. 319 (1972). However this is not an unfettered right. Restrictions which are deemed reasonably and substantially necessary to maintain a secure facility are not unconstitutional. See Barrett v. Virginia, 689 F.2d 498, 501 (4th Cir. 1982), Sweet v. South Carolina. 529 F.2d 854, 863 (4th Cir. 1975). In evaluating the restrictions, courts must accord 'wide-ranging deference' to prison administrators' decisions concerning the proper means to accommodate prisoners' rights to the needs of 'internal order and discipline,' unless there is 'substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations.' " Dettmer v. Landon, 799 F.2d 929, 939 (4th Cir. 1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547-548 (1979)). The defendants contend that the restrictions imposed are necessary to cut down on the amount of contraband which might come into the prison. We deem this policy reasonable in light of the danger which may accompany contraband brought into the prisons.
 
 
 4
 Monroe claims that if the defendants wish to prevent entry of contraband, officials of the prison need only search items before they are brought into the visiting area. This Court indicated in its opinion in Dettmer that "the least restrictive means test is not an appropriate measure of a prisoner's first amendment rights." Dettmer, supra, at 933. The policies of prison administrators should be evaluated in light of their particular goals.
 
 
 5
 Monroe also alleges that some of the other prisoners were allowed to bring books into the visiting area. Even if we assume that the facts asserted in Monroe's complaint are true, his allegations fail to demonstrate a denial of equal protection. The box which Monroe attempted to bring into the visiting area was properly searched. Based on an officer's belief that some of the books in the box were state property, Monroe was ordered to return all books to his cell. The officer's actions were based on his good faith belief that some of the contents of the box were state property. It is evident that the officer's actions were reasonable in light of the specific circumstances. Even if we accept Monroe's assertion that he was also carrying a Bible at the time, there was no denial of Monroe's First or Fourteenth Amendment rights.
 
 
 6
 Based on the aforementioned authority, we affirm the decision of the district court. Because the dispositive issues have been decided authoritatively, we dispense with oral argument.
 
 
 7
 AFFIRMED.